UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MORRIS EHRENREICH and DORRIS EHRENREICH,

           Plaintiffs,

    - against -

JULIA BLACK; DANIEL BLACK; and
ANASTASIOS PARIKAS,

           Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND REMAND ORDER**

**13-CV-7180 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On October 18, 2013, Defendants Julia Black and Daniel Black ("Defendants Black"), filed a notice removing a civil proceeding, <u>Ehrenreich v. Black, et al.</u>, Index Number 21640/2012, filed originally in the Supreme Court of the State of New York, Kings County ("New York Supreme Court"). The case proceeded before Magistrate Judge Marilyn D. Go. On December 21, 2013, Judge Go issued an order requiring a status report from the parties. (Dec. 21, 2013, Status Report Order.) Judge Go noted that although Defendants removed this action from state court within 30 days after dismissal of a non-diverse defendant, they did so more than one year after commencement of the action in state court. (<u>Id.</u>) Judge Go instructed the parties to file a report as to whether such late removal is permissible under 28 U.S.C. § 1446(c)(1) or any other statute. (<u>Id.</u>) The court construes Plaintiffs' submission as a Motion to Remand, and Defendants' submission as the response. For the reasons set forth below, the court determines that removal is improper and directs the Clerk of Court to return the action to the New York Supreme Court.

1

I. BACKGROUND

This action arose from a three-vehicle accident on March 11, 2012, involving a vehicle owned and operated by Plaintiff Morris Ehrenreich (a citizen of New York), a vehicle owned by Defendant Daniel Black and operated by Defendant Julia Black (citizens of New Jersey), and a vehicle owned and operated by Defendant Anastasios Parikas (a citizen of New York). (Verified Compl. (Dkt. 5-A); Notice of Removal (Dkt. 1).) Defendant Parikas operated the lead vehicle, Plaintiffs operated the middle vehicle, and Defendant Julia Black operated the rear vehicle. (Pl. Aff. at 2-3 (Dkt. 6).) At the time of the accident, Parikas was driving while intoxicated, and he was arrested at the scene of the accident. (Arrest Rep. (Dkt. 6-F-B).)

Plaintiffs commenced this personal injury action in New York State Supreme Court by purchasing Index Number 21640/2012 in Kings County on November 8, 2012. (Summons (Dkt. 5-A).) Defendants Black were served on November 15, 2012. (Pl. Aff. at 1-2.) Defendant Parikas soon moved for partial summary judgment on the issue of liability, contending that it was warranted because his vehicle had been hit in the rear. (Pl. Aff. in Opp'n of Summ. J. (Dkt. 6-E).) In opposition, Plaintiffs submitted an affidavit in which they argued that Parikas was not entitled to summary judgment because he was operating the vehicle while intoxicated, driving erratically, and came to an abrupt stop. (Id.) Defendants Black also submitted an affirmation arguing that summary judgment was premature. (Def. Aff. in Opp'n of Summ. J. (Dkt. 6-F).) On December 4, 2013, the New York Supreme Court granted Defendant Parikas's Motion for Summary Judgment, dismissing him from the action. (State Crt. Order (Dkt. 5-C).)

With the non-diverse New York defendant removed from the case, Defendants Black filed a Notice of Removal on December 17, 2013, based on diversity jurisdiction. (Notice of Removal.) In response to Judge Go's Status Report Order, Plaintiffs argue that this case should

be remanded under 28 U.S.C. § 1446(c) because Defendants removed this action more than one year after commencing it in state court. (Pl. Aff. at 2.) Defendants respond that their late removal should be excused because Plaintiffs demonstrated "bad faith" and "fraudulent joinder" when they joined non-diverse Defendant Parikas in this action. (Def. Aff. at 3-4 (Dkt. 5).)

## II.   STANDARD FOR REMOVAL

The burden of establishing that a case is within the federal court's removal jurisdiction is on the removing defendant. Irving Trust Co. v. Century Exp. & Imp., S.A., 464 F. Supp. 1232, 1236 (S.D.N.Y. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing Shamrock, 313 U.S. at 108-09).

## III.   DISCUSSION

A removable claim is one over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Among such claims are "diversity cases," in which jurisdiction is conferred by 28 U.S.C. § 1332. Under § 1332, federal courts have jurisdiction over civil actions between citizens of different states where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

To remove an action from state court, a defendant must file a notice of removal in federal court within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. 28 U.S.C. § 1446(b)(1). If a case stated by initial pleading is not removable, petition for removal may be filed within 30 days after the defendant receives a copy of an

amended pleading or paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3).

Under the doctrine of fraudulent joinder, even if the pleadings suggest that the case is not removable due to the presence of a non-diverse defendant, a federal court can dismiss the non-diverse defendant and allow removal upon a showing that the plaintiff has no claim against that defendant under substantive state law. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998).

Section 1446 establishes a one-year limit on removal of diversity cases, which runs from the "commencement of the action" in state court. 28 U.S.C. § 1446(c)(1). A narrow exception from the one-year limit is available if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Id.

Defendants Black do not dispute that over one year has elapsed between the "commencement of the action" in state court and their filing of the Notice of Removal, which would ordinarily bar removal of a diversity action. Rather, Defendants argue that the statutory exception from this one-year limit should apply because Plaintiffs have acted in bad faith in order to prevent them from removing the action. (Def. Aff. at 3-4.) Equating the "bad faith" standard with "fraudulent joinder," Defendants Black point to Defendant Parikas's eventual dismissal from the action as evidence that there was "no possibility of recovery" by Plaintiffs against Defendant Parikas under New York law. (Id. at 3.) Plaintiffs accept that "bad faith" is tantamount to "fraudulent joinder" but respond that the exception to the one-year limitation to removal is unavailable where there is "any colorable basis" on which liability of a non-diverse defendant can be established. (Pl. Aff. at 2.)

As an initial matter, the court emphasizes that it is far from clear that the "bad faith" and "fraudulent joinder" standards are one and the same, as the parties would have it. The "bad faith" exception under § 1446 governs the *timing* of removal. By contrast, "fraudulent joinder" is a court-created doctrine that pertains to a federal court's subject matter jurisdiction to hear a case in the first place. Although the purpose of both doctrines is to thwart gamesmanship by plaintiffs in diversity cases, courts in this Circuit generally address these grounds separately and independently of each other. See, e.g., Hill v. Delta Int'l Mach. Corp., 386 F. Supp. 2d 427, 432 (S.D.N.Y. 2005) (finding fraudulent joinder but no strategic gamesmanship and remanding to state court due to the passage of the one-year deadline); In re Rezulin Products Liab. Litig., No. 00-CV-2843 (LAK), 2003 WL 21355201 (S.D.N.Y. June 4, 2003) (finding no fraudulent joinder, but finding strategic gamesmanship and excusing the passage of the one-year deadline for removal). The primary issue in this case is whether Defendants' late removal is excused under the "bad faith" exception. Still, because the scope of "bad faith" remains undefined and some courts in this Circuit analogize the two standards, the court chooses to address the "fraudulent joinder" standard, as well. See Forth v. Diversey Corp., No. 13-CV-808-A (RJA), 2013 WL 6096528 (W.D.N.Y. Nov. 20, 2013) (applying the fraudulent joinder standard to the "bad faith" exception).

### A.   Bad Faith

The "bad faith" exception to the one-year limit on removal of diversity cases is a recent amendment to the statute, enacted as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011). As Congress explained, the intent behind § 1446(c)(1) was to clarify ambiguity in the case law concerning whether the one-year limitation in § 1446(c)(1)

was jurisdictional or procedural. H.R. Rep. No. 112-10 at 15. The amendment confirms that the limitation is procedural, excusable by federal courts upon a proper showing of bad faith.

Although the Second Circuit has not yet had an occasion to interpret the scope of the "bad faith" exception, even before the amendment's enactment, courts in this Circuit had granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court. See, e.g., Hill, 386 F. Supp. 2d at 432 ("The primary justification offered by courts granting extensions has been strategic behavior by the plaintiff . . . ."). In Hill, the court found that although the plaintiff failed to state a cause of action against a non-diverse employer under New York law, defendants failed to show that plaintiffs acted strategically to deprive them of their right to remove. Id. By contrast, in In re Rezulin, the court inferred that "strategic behavior was at play" from the fact that the plaintiff dismissed the non-diverse defendant only five days after the one-year anniversary of the commencement of the action, meriting an exception to the one-year time limit. In re Rezulin Products Liab. Litig., 2003 WL 21355201, at *2.

The court is not persuaded that Plaintiffs joined Parikas as a non-diverse defendant in "bad faith" in order to prevent removal. First, Parikas was the operator of one of the vehicles in the three-car accident. He was not belatedly added in response to an attempted removal; rather Parikas was included in the initial Complaint from the beginning. (Verified Compl.) Defendants do not allege that the Complaint was in any way changed or amended over time in a way that suggests gamesmanship by the Plaintiffs. It appears that the Complaint stood unchanged for the entirety of the one-year removal period. Nor did Plaintiffs dismiss the non-diverse Defendant Parikas as soon as the one-year deadline had passed, as the plaintiffs did in In re Rezulin. On the contrary, Plaintiffs actively prosecuted the case against Parikas, opposed the latter's Motion for

Summary Judgment, and sought to avoid Parikas's dismissal from the lawsuit. (Pl. Aff. in Opp'n of Summ. J.) Plaintiffs do not appear to have taken any actions specifically to defeat removal. Absent a showing of such "bad faith," the one-year limit on removal of diversity cases requires remand to the New York Supreme Court.

### B. Fraudulent Joinder

If "bad faith" is equated with the standard for "fraudulent joinder," as the parties argue, the defendant must demonstrate "by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia, 138 F.3d at 461.

Because Defendant does not allege any outright fraud by the Plaintiffs, the court must consider whether it is possible, based on the pleadings, that Plaintiffs had a valid claim against Parikas under substantive law. "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted." Nemazee v. Premier, Inc., 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) (citation omitted). "[A]ll factual and legal issues must be resolved in favor of the plaintiff." Pampillonia, 138 F.3d at 461. Further, a plaintiff's ultimate failure to obtain a judgment is immaterial. Arno v. Costa Line, Inc., 589 F. Supp. 1576, 1580 (E.D.N.Y. 1984).

In Hill, for example, the court found that the injured plaintiff failed to state a tort claim against a non-diverse defendant, the plaintiff's employer, because the state Workers' Compensation law was the exclusive remedy available to the plaintiff. Hill, 386 F. Supp. 2d at 432-33. By contrast, in Delarosa the court found that although Defendant was correct that under New York law, as an out-of-possession landlord, it generally could not be held liable in tort for

the plaintiff's injuries, there remained unresolved issues of fact "that weigh[ed] heavily against a finding of fraudulent joinder." Delarosa v. Besser Co., No. 7:10-CV-05212 (JSG), 2010 WL 6496157, at *2 (S.D.N.Y. Nov. 2, 2010).

Under New York law, a rear-end collision creates a presumption that the rear driver was negligent. See Carhuayano v. J & R Hacking, 28 A.D.3d 413, 414 (2006). The rear driver can rebut the inference of negligence by providing a non-negligent explanation for the collision, such as a factual showing that the front driver stopped abruptly. Id. Not every rear-end collision is the exclusive fault of the rearmost driver, because the front driver also has a duty "not to stop suddenly or slow down without proper signaling so as to avoid a collision." Gaeta v. Carter, 6 A.D.3d 576, 576 (2004); N.Y. Veh. & Traf. Law § 1163 (McKinney 2013). Thus, where the front driver also operates his vehicle in a negligent manner, the issue of comparative negligence is for a jury to decide. Id. at 577; see also Chepel v. Meyers, 306 A.D.2d 235, 237 (2003).

In this case, Plaintiffs alleged in the Complaint that their vehicle was caused to collide with Defendants' vehicles. (Verified Compl.) The Complaint also alleged that Parikas was operating the vehicle while intoxicated by alcohol. Id. Because under New York law, a rear-end collision is not the exclusive fault of the rear driver and the front vehicle may bear its own responsibility, unlike Hill there is no absolute legal bar to Plaintiffs' claims. Rather, as in Delarosa, there remained unresolved issues of fact as to the relative fault of Plaintiffs and Defendant Parikas. This is the position that Defendants Black took only recently in opposition to Parikas's summary judgment motion. (See Def. Aff. in Opp'n of Summ. J. at 4.) Plaintiffs' ultimate failure to obtain a judgment against Parikas is immaterial. See Arno, 589 F. Supp. at 1580.

8

Defendants Black fail to meet their high burden of establishing by clear and convincing evidence that there is no possibility, based on the pleadings, that Plaintiffs can state a cause of action against non-diverse Defendant Parikas in state court. Therefore, even if the "bad faith" exception in § 1446(c)(1) is equated with the "fraudulent joinder" standard, Defendants' argument must still fail.

## IV.  CONCLUSION

In light of the one-year limit on removal of actions premised on diversity jurisdiction and the lack of evidence of bad faith or fraudulent joinder, this case must be remanded pursuant to 28 U.S.C. § 1446(c)(1) to the Supreme Court of the State of New York, Kings County. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, Kings County at 360 Adams Street, Brooklyn, NY 11201, and to close the case in this court.

SO ORDERED.

Dated: Brooklyn, New York
January 17, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge